**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE ISLAMIC SOCIETY OF TULSA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BROKEN ARROW, OKLAHOMA et al.,<br><br>Defendants. | Case No. 4:26-cv-00469-SEH-MTS |

**DEFENDANT CITY OF BROKEN ARROW, OKLAHOMA'S MOTION FOR STAY OF PROCEEDINGS AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 7(b) and Local Civil Rule 7-1(b), the City of Broken Arrow, Oklahoma ("the City" or "Broken Arrow") respectfully moves for a stay of proceedings in the above-captioned matter pending a decision from the Supreme Court of the United States in *Missionaries of St. John the Baptist, Inc. v. Frederic*, No. 25-1131 ("*Missionaries of St. John*"). Plaintiff the Islamic Society of Tulsa opposes this request. Individual-capacity defendants City Councilor David Pickel, City Councilor Justin Green, City Councilor Lisa Ford, and Mayor Debra Wimpee (collectively, "individual-capacity defendants") do not oppose it.

The positions of all parties are stated more fully below. Furthermore, counsel for the individual-capacity defendants have informed counsel for the City that as their positions are set forth herein below, they do not anticipate filing any separate response to this motion; Plaintiff intends to respond in opposition to the motion for stay.

**Background and Position of Broken Arrow**

1. Plaintiff filed the seven-count Complaint in this action on August 3, 2026. *See* ECF No. 2 ("Compl."). The Complaint challenges the denial of Plaintiff's rezoning application and conditional use permit application for a property in Broken Arrow, on which Plaintiff seeks to construct a mosque. The Complaint asserts violations of the federal Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5 (Counts I through III); the First and Fourteenth Amendments to the United States Constitution, as made enforceable by 42 U.S.C. § 1983 (Counts IV through VI); and the Oklahoma Religious Freedom Act, 51 O.S. §§ 251-258 (Count VII). The Complaint names as defendants Broken Arrow, named as a defendant in all seven Counts, and the four members of the City Council who voted to deny the applications, each of whom is sued only in their individual capacity and only in Counts IV through VII.

2. On September 18, 2026, the City moved to dismiss all counts of the Complaint against it for failure to state a claim upon which relief can be granted. *See* ECF No. 27. On the same date, the individual-capacity defendants moved to dismiss all counts against them. *See* ECF No. 26. On October 30, 2026, Plaintiff filed responses in opposition to both motions. *See* ECF Nos. 33 & 34. Defendants' reply briefs are due on November 13, 2026. *See* LCvR-7-1(f).

3. Between the filing of defendants' motions to dismiss and Plaintiffs' responses, the Supreme Court of the United States granted *certiorari* in *Missionaries of St. John the Baptist v. Frederic*, No. 25-1131 (609 U.S. Oct. 1, 2026). The question presented in *Missionaries of St. John* is: "Whether a land-use regulation that prohibits a religious institution from building a religious structure on its own property constitutes a 'substantial burden' on religious exercise under the Substantial Burden Provision of the [RLUIPA], 42 U.S.C. § 2000cc(a)." *See Missionaries of St.*

*John*, No. 25-1131, Question Presented, https://www.supremecourt.gov/docket/docketfiles/html/qp/25-01131qp.pdf.

4. In Count III, the Complaint asserts that the City has violated the "substantial burden" provision of the RLUIPA, 42 U.S.C. § 2000cc(a), by "prevent[ing] [Plaintiff] from proceeding with the construction and use of the Subject Property as the mosque and Islamic community center proposed in its applications." Compl. ¶ 157.

5. Because of the overlap between the question presented in *Missionaries of St. John* and the allegations in Count III of the Complaint, staying this litigation pending the Supreme Court disposition of *Missionaries of St. John* would conserve the resources of the parties and this Court.

6. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936). The City anticipates that the Supreme Court will render its decision in *Missionaries of St. John* at some point this Term. Therefore, any stay of these proceedings would be limited in duration and would represent an appropriate exercise of the court's discretion to control its docket.

**Position of Plaintiff**

7. Plaintiff opposes the City of Broken Arrow's motion for a stay.

8. Plaintiff states: "Given the ongoing burden on Plaintiff's religious exercise, we want to resolve this case as soon as possible. Additionally, any decision in the Supreme Court case would not be dispositive of this case, as the several other RLUIPA and constitutional claims and state claim would not be impacted by the Supreme Court's ruling on substantial burden."

**Position of Individual-Capacity Defendants**

9. The individual-capacity defendants do not oppose the City's motion for a stay. At the same time, the individual-capacity defendants state that Count III of the Complaint is asserted against the City only, and their motion to dismiss could appropriately be resolved without awaiting a decision in *Missionaries of St. John*, which the individual-capacity defendants do not expect to have any impact on their immunity defenses. That said, while the individual capacity defendants would prefer the Court to resolve the claims against them without an overall stay, if the Court concluded that a complete stay would better serve judicial economy, they do not oppose that result.

Dated: November 3, 2026

Respectfully submitted,

*/s/ Peter D. Leary*

Peter D. Leary (admitted *pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
(404) 566-6210
peter.leary@troutman.com

Molly A. Mugford (admitted *pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199
(617) 239-0100
molly.mugford@troutman.com

Shelby N. Brunette
OBA No. 33951
City of Broken Arrow,
Senior Civil Litigation Attorney
220 South First Street
Broken Arrow, OK 74012
(918) 259-8422, ext. 4984
(918) 259-8218 (facsimile)
sbrunette@brokenarrowok.gov

*Counsel for City of Broken Arrow, Oklahoma*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony M. Laizure
Laizure Law, PLLC
1437 South Boulder Ave., Ste. 1200
Tulsa, OK 74119
(918) 749-0749
(918) 518-7250 (facsimile)
TLaizure@LaizureLaw.com

Lena Masri
Meghan Murphy
CAIR National Legal Defense Fund
453 New Jersey Ave SE
Washington, DC 20003
(202) 742-6420
Ldf@cair.com
Mmurphy@cair.com

Amy A. Fogleman
R. Trent Shores
Adam C. Doverspike
GABLEGOTWALS
110 N. Elgin Ave., Suite 200
Tulsa, Oklahoma 74120
T: (918) 595-4800 | F: (918) 595-4800
afogleman@gablelaw.com
tshores@gablelaw.com
adoverspike@gablelaw.com

*/s/ Peter D. Leary*
Peter D. Leary