**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE ISLAMIC SOCIETY OF TULSA,<br>*Plaintiff,*<br>v.<br><br>CITY OF BROKEN ARROW, OKLAHOMA et al.,<br>*Defendants.* | Civil Case No. 4:26-cv-00469-SEH-MTS |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF BROKEN ARROW'S MOTION TO STAY LITIGATION**

Plaintiff, Islamic Society of Tulsa ("IST" or "Plaintiff"), files this Opposition in response to the Defendant City of Broken Arrow's ("the City Defendant" or "Defendant"), Motion to Stay Proceedings. Dkt 35.

**Introduction**

Broken Arrow seeks a stay because the Supreme Court granted certiorari in a case that the City believes *might* have some bearing on one of IST's seven claims. Those unaffected claims were brought under the Equal Protection Clause, the Free Exercise Clause, the Establishment Clause, two provisions of RLUIPA, and OFRA, and will not be affected by the outcome of *Missionaries of St. John.* These claims are based, in part, on ample allegations of direct and circumstantial evidence of anti-Muslim discrimination. Rather than confront these bad facts, Defendant has asked this Court to stay the whole case to "conserve the resources of the parties and this Court." Dkt 35 at ¶ 5. But staying the case now would not do so, because the resolution of all but one of IST's claims—even in the City Defendant's view—will be unaffected by *Missionaries of St. John.* The Court should deny the motion.

## **Argument**

It is a fundamental principle of federal courts that "a party's right to proceed in court should not be denied except under the most extreme circumstances." *U.S. v. Fisher*, No. 00-CR-33-TCK, 2016 WL 4442800, at *1 (N.D. Okla. Aug. 22, 2016) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)). Because a stay would interfere with this principle and impose hardship on IST, the Defendant has the burden to show "a clear case of hardship or inequity." *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000). The City Defendant has not done so because the Supreme Court's decision will have no bearing on six of seven claims in the case.

The Northern District of Oklahoma denied a similar motion to stay in *U.S. v. Fisher.* 2016 WL 4442800, at *1. There, after a grant of certiorari in a possibly relevant case, the United States moved to stay proceedings, using the same efficiency and economy argument Broken Arrow uses here. *Id.* at *1. The Court denied the motion for three reasons. *Id.* at *3. First, there was a "fair possibility" that a stay would damage the defendant by delaying his possible release from prison. *Id.* Second, "saving of attorney time and judicial resources" did not constitute a "clear case" of hardship or inequity. *Id.* Finally, there was no guarantee that the Supreme Court case would even affect the claims in the case before them. *Id.*

Here, the City Defendant has failed in all the same ways. A stay would effectively grant the Defendant a license to continue the unlawful conduct at issue—preventing an organized Muslim presence in the city. IST has been completely and indefinitely banned from using its own property for Islamic assembly. Dkt. 2 at ¶ 119-122. That decision remains in effect and will continue to absent an order from this Court. That prejudice, borne only by IST,

is not outweighed by the attorney time the City Defendant wants to save via a stay. Indeed, as this Court held in *U.S. v. Fisher*, the loss of attorney time is not a “clear case” of hardship. 2016 WL 4442800, at *3.

Furthermore, Broken Arrow’s emphasis on conservation of attorney time and judicial resources is significantly overstated, as it implicates, at best, only one of IST’s seven distinct claims. As the Defendant notes, the precise question presented in *Missionaries of Saint John the Baptist, Inc. v. Frederic*, No. 25-1131 (609 U.S. Oct. 1, 2026) is narrowly confined to whether a land-use regulation prohibiting a religious institution from building a religious structure on its own property constitutes a "substantial burden" under RLUIPA. *See* Dkt. 35 at ¶ 3. This isolated inquiry has no bearing whatsoever on IST’s remaining causes of action, which include two alternative RLUIPA claims, two First Amendment claims, an Equal Protection claim, and a claim under the Oklahoma Religious Freedom Act (ORFA).

Finally, IST’s substantial burden claim will satisfy any standard or test the Supreme Court ultimately adopts. The Complaint alleges that Broken Arrow denied IST’s application based entirely on the religious identity of its congregants (Muslims) and the Islamic nature of the proposed land use. Dkt 2 ¶ at 143. Because IST cannot alter its identity, nor its desire to utilize its property for Islamic worship, the Defendant’s discriminatory denial functions as a total and permanent exclusion from the jurisdiction. Because the Complaint pleads an absolute and complete deprivation of rights, this Court need not delay these proceedings to await Supreme Court guidance on lesser or partial burdens.

* * *

IST has a right to proceed in court for Defendants' ongoing violation of its religious rights, and Defendant has failed to demonstrate that this is one of the "most extreme circumstances" where a stay is warranted. *See Commodity Futures*, 713 F.2d at 1484.

## Conclusion

For the above reasons, IST respectfully requests that the motion be denied.

November 5, 2026

/s/Anthony M. Laizure
Anthony M. Laizure (OBA 5170)
**Laizure Law, PLLC**
1437 South Boulder Ave., Ste. 1200
Tulsa, OK 74119
Ph: (918) 749-0749
Fax: (918) 518-7250
Email: TLaizure@LaizureLaw.com

**CAIR NATIONAL**
**LEGAL DEFENSE FUND**
/s/Lena Masri
Lena Masri (VA 20251)
Gadeir Abbas (VA 81161)
Email: gabbas@cairldf.com
Meghan Murphy (MA 711469)
Email: mmurphy@cairldf.com
453 New Jersey Ave SE
Washington, DC 20003
Ph: (202) 742-6420

*Attorneys for Plaintiffs*