**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THE ISLAMIC SOCIETY OF TULSA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BROKEN ARROW, OKLAHOMA et al.,<br><br>Defendants. | Case No. 4:26-cv-00469-SEH-MTS |

**DEFENDANT CITY OF BROKEN ARROW, OKLAHOMA'S REPLY BRIEF**
**<u>IN SUPPORT OF ITS MOTION FOR STAY OF PROCEEDINGS</u>**

The Islamic Society of Tulsa ("IST") does not seriously dispute that a temporary stay pending a decision in *Missionaries of St. John* would conserve party and judicial resources. *See, e.g., Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 733 (D. Md. 2018) ("[W]aiting for the Supreme Court to rule would likely simplify this Court's task in resolving a motion to dismiss, while moving forward without a stay would likely result in a ruling by this Court that would be subject to revisitation and potential modification."). Instead, IST principally suggests a stay is unwarranted because the Supreme Court's forthcoming decision on RLUIPA "substantial burden" claims in *Missionaries of St. John* bears on "at best, only one of IST's seven distinct claims," ECF No. 36, Opp. at 3, and the six other claims "will not be affected," *id.* at 1. But a stay is often appropriate even if a pending Supreme Court ruling will not "settle every question of fact and law" in underlying litigation. *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). Furthermore, IST's argument conflicts with its own Opposition to the City's Motion to Dismiss, which posited that the "test" governing IST's "substantial burden" claims under the RLUIPA (Count III) and state law (Count VII) "is the same." ECF No. 34 at 6. Thus, even by IST's own lights, a Supreme Court decision would impact *multiple* counts.

IST also raises claims of harm from a short stay which are clearly overstated. Discovery in this matter is already stayed. *See* ECF No. 28. A stay would mean that the Court does not issue a decision on the City's motion to dismiss prior to a decision in *Missionaries of St. John*. But that could already happen in the ordinary course, without any stay, particularly if the Court considers it prudent to wait for the Supreme Court's guidance before issuing a decision. A stay also could defer the filing of Defendants' reply briefs, if it is granted before they are due. But a decision in *Missionaries of St. John* presumably will require further briefing in any event. By contrast, IST cannot demonstrate harm from a delay that approaches the harm discussed in *U.S. v. Fisher*, No. 00-CR-33-TCK, 2016 WL 4442800 (N.D. Okla. Aug. 22, 2016). That was a *criminal* case where the defendant would *remain in prison* during the stay. Although IST asserts that it will remain "completely and indefinitely banned from using its own property for Islamic assembly" pending resolution of this litigation, Opp. at 2, that is a status quo that has existed for over a decade, and even a favorable resolution for IST will necessitate additional planning and construction before IST could use what is currently an empty field for its intended purposes.

This Court's reasonable management of its docket will not unduly delay this proceeding. *Cf. Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 736 (granting stay even though multiple claims were unaffected by the Supreme Court's grant of *certiorari*, because, at the early stage of litigation, "proceeding with this case now does not necessarily mean that [p]laintiffs will receive a faster resolution" than staying the litigation pending the Supreme Court's decision). For the reasons stated herein, Broken Arrow respectfully requests that this Court grant its Motion to Stay Proceedings pending a decision from the Supreme Court in *Missionaries of St. John*.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Peter D. Leary*

Peter D. Leary (admitted *pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
(404) 566-6210
peter.leary@troutman.com

Molly A. Mugford (admitted *pro hac vice*)
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199
(617) 239-0100
molly.mugford@troutman.com

Shelby N. Brunette
OBA No. 33951
City of Broken Arrow,
Senior Civil Litigation Attorney
220 South First Street
Broken Arrow, OK 74012
(918) 259-8422, ext. 4984
(918) 259-8218 (facsimile)
sbrunette@brokenarrowok.gov

*Counsel for City of Broken Arrow, Oklahoma*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:


Anthony M. Laizure
Laizure Law, PLLC
1437 South Boulder Ave., Ste. 1200
Tulsa, OK 74119
(918) 749-0749
(918) 518-7250 (facsimile)
TLaizure@LaizureLaw.com

Lena Masri
Meghan Murphy
CAIR National Legal Defense Fund
453 New Jersey Ave SE
Washington, DC 20003
(202) 742-6420
Ldf@cair.com
Mmurphy@cair.com

Amy A. Fogleman
R. Trent Shores
Adam C. Doverspike
GableGotwals
110 N. Elgin Ave., Suite 200
Tulsa, Oklahoma 74120
T: (918) 595-4800 | F: (918) 595-4800
afogleman@gablelaw.com
tshores@gablelaw.com
adoverspike@gablelaw.com


*/s/ Peter D. Leary*
Peter D. Leary